UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD BAEZ,

                              Plaintiff,

                          v.

DEPUTY JEFFERY RATHBUN,

                              Defendant.
_____

<u>DECISION AND ORDER</u>

16-CV-6552L

       Plaintiff Roderick J. Johnson, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. He is currently an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), confined at Green Haven Correctional Facility, where he is serving a sentence of 42 years to life for first degree rape and other sex crimes. *See* DOCCS Inmate Lookup Service, *available at* http://nysdoccslookup.doccs.ny.gov/. At the time of the events giving rise to this lawsuit, plaintiff was confined in the Monroe County (New York) Jail ("Jail") in Rochester, New York.

       Plaintiff has sued a single defendant, Jeffery Rathbun, who at all relevant times was employed as a deputy at the Jail. Plaintiff alleges that Rathbun violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution in connection with certain events in 2016. In short, plaintiff alleges that Rathbun deliberately put plaintiff's safety at risk by telling other inmates that plaintiff was a rapist. Rathbun allegedly did so because he was angry at plaintiff for complaining that Rathbun had taken him off a certain job list.

Rathbun has moved for summary judgment. Pursuant to the Court's scheduling order (Dkt. #29), plaintiff had until July 10, 2018 to respond to the motion. He has not done so.

## DISCUSSION

### I. Plaintiff's Failure to Respond to the Summary Judgment Motion

Rule 56(e) of the Federal Rules of Civil Procedure provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response by affidavits as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

The Court of Appeals for the Second Circuit has stated that when a party moves for summary judgment against a *pro se* litigant, either the movant or the district court must provide the *pro se* litigant with notice of the possible consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999). In the instant case, defendants' notice of motion for summary judgment (Dkt. #28-19) and the Court's scheduling order (Dkt. #29) gave plaintiff ample notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. The Court may therefore accept the truth of defendants' factual allegations and determine whether defendants are entitled to summary judgment. *Crenshaw v. Syed*, 686 F.Supp.2d 234, 235-36 (W.D.N.Y. 2010).

**II. Defendant's Motion**

In the complaint, plaintiff alleges that he had been an approved barber for his housing area until Rathbun took him off the approved-barber list in April 2016. After plaintiff complained, Rathbun spread the word among other inmates that plaintiff had been charged with rape. Plaintiff alleges that a common "Jail-House mentality [is] that every crime is acceptable except for being charged with 'Rape.'" Complaint ¶ 14. Plaintiff–who testified at his deposition in this case that the victims of his crimes were ages 11 and 16, *see* Dkt. #28-12 lines 2-4--alleges that inmates at the Jail began calling him "baby raper," "pedofiler" [sic], and so on, and that on one occasion he was physically assaulted by another inmate. Complaint ¶¶ 17, 18. He sought $10 million in punitive damages. Complaint ¶ 20.

The Prison Litigation Reform Act of 1995 ("PLRA") requires that prior to commencing litigation, a prisoner must exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement pertains to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). *See Doe v. Selsky*, 948 F.Supp.2d 306, 308-09 (W.D.N.Y. 2013).

Under New York regulations, an inmate at a local correctional facility must file a grievance within five days of the date of the act or occurrence giving rise to the grievance. 9 N.Y.C.R.R. § 7032.4(d). *See also* N.Y. Corr. L. § 40(2) ("'Local correctional facility' means any county jail" or other specified institution). The regulations also provide for certain procedures and time limits following the filing of a grievance, including appeal rights. 9 N.Y.C.R.R. § 7032.4. Pursuant to the PLRA, all levels of the grievance procedure must

generally be exhausted before an inmate may commence litigation in federal court. *See Porter*, 534 U.S. 516 at 524; *Macias v. Zenk*, 495 F.3d 37, 43-44 (2d Cir. 2007).

In the case at bar, plaintiff submitted a grievance against Rathbun on July 18, 2016, alleging that on June 28, Rathbun had called other inmates to his desk and shown them on his computer that plaintiff had been charged with rape. Dkt. #27. On August 2, 2016, the grievance coordinator returned the grievance to plaintiff, stating that it would not be processed because it had not been submitted within five days of the alleged incident. Dkt. #28-17. It does not appear that plaintiff attempted to pursue the matter further.

I agree with defendant that the complaint must be dismissed for failure to exhaust administrative remedies. There is no evidence or allegation that plaintiff was in any way prevented from filing his grievance in a timely fashion. The complaint is therefore dismissed. *See Baines v. McGinnis*, 766 F.Supp.2d 502, 503-04 (W.D.N.Y. 2011).

While that renders it unnecessary for the Court to address the merits of plaintiff's claims, I also note that even if plaintiff had exhausted his remedies, the complaint would be subject to dismissal as meritless. Defendant has flatly denied that he told other inmates what crimes plaintiff had been charged with, *see* Rathbun Decl. (Dkt. #28-3) ¶¶ 17, 18. As stated, the Court accepts the truth of that unrebutted statement.[1]

As defendants point out, plaintiff's deposition testimony makes clear that he had no personal knowledge about the relevant facts. He testified that he saw several inmates gathered around Rathbun's computer, and from that he surmised that Rathbun was showing them the

---

[1]Although the barber-job matter does not directly give rise to any claim here, Rathbun also states that he had no authority over such job approvals, and that those decisions were made by others. Rathbun Decl. ¶¶ 10-14.

4

charges against plaintiff. Plaintiff was in his cell at the time, with his door shut, and could not hear what Rathbun or the inmates were saying. He did not testify that he could actually see what was on the computer screen at the time. Dkt. #28-12 at 29-30. While he maintained that there were no stories about him in the news media around that time, he also admitted that there was news coverage of his sentencing (which occurred a few months later), and that inmates had access to television news. *Id.* at 10, 11.[2]

Finally, by his own admission, plaintiff was never physically harmed by any other inmates as a result of Rathbun's alleged acts. He testified that on one occasion, several inmates approached him in what plaintiff took to be a threatening manner, but when asked at his deposition if they struck him, plaintiff replied, "No, they didn't get to get that far." Dkt. #28-12 at lines 23, 24. Thus, he has failed to show that he suffered any actual harm, or even that he was exposed to a substantial risk of serious harm as a result of Rathbun's actions. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment"); *see also Hamilton v. Fischer*, No. 12-CV-6449, 2013 WL 3784153, at *15 (W.D.N.Y. July 18, 2013) (dismissing

---

[2]While the Court need not and does not base my decision in this case on this particular matter, I note that an internet search reveals that there were a number of stories in the local news media around the time that plaintiff was found guilty of the charges against him, in March 2016. That was during plaintiff's confinement at the Jail, *see* Complaint ¶ 1 (stating that plaintiff was confined at the Jail from May 25, 2015 until July 23, 2016), but before Rathbun's alleged disclosure to other inmates about plaintiff's charges. *See Gonzales v. National Westminster Bank PLC*, 847 F. Supp. 2d 567, 569 n.2 (S.D.N.Y. 2012) ("Courts may take judicial notice of publicly available information including newspaper articles and other public disclosures"). *See also de Becdelievre v. Anastasia Musical LLC*, No. , 2018 WL 1633769, at n.8 (S.D.N.Y. Apr. 2, 2018) ("courts may 'take judicial notice of facts that various newspapers, magazines, and books were published solely as an indication of information in the public realm at the time, not whether the contents of those articles were, in fact, true'") (quoting 1-4 Weinstein's Evidence Manual § 4.02).

inmate's Eighth Amendment claim where his sole allegations were that defendant correctional officers "exposed him to an unreasonable risk of harm by calling him a 'snitch' in front of other inmates" and commenting about "stitches for snitches" but included no other factual allegations that "if proven, would establish that he ever faced actual or imminent harm").

## **CONCLUSION**

Defendant Jeffery Rathbun's motion for summary judgment (Dkt. #28) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 23, 2018.